Brockenbrough, J.
The first, and I think, the only question to be considered in this case, is, Whether the supersedeas was properly directed by the circuit court to be issued ? The statute says, that no writ of supersedeas shall be granted to any judgment of a court of law, after five years from the time when the judgment shall be made final: 1 Rev. Code, ch. 128. § 19. p. 492. In Overstreet v. Marshall, 3 Call 192. it was decided, that the order of the judge or court awarding the writ, was the commencement of the proceedings on the supersedeas, and if that order was within the five years, yet if the supersedeas bond were not given until after the expiration of the five years, so that the writ could not issue till after that lapse of time, yet on the execution of the bond the writ might issue. But the case presented by this record, is different from that. Here, the order was made, and a supersedeas bond immediately executed, in little more than two years after the judgment. But it so happened, that there was no clerk of the court at' that time, so that the writ of supersedeas could not then issue. That vacancy, however, did not continue till the end of the five years. A new clerk was appointed, within a year after the supersedeas was granted; and *79 the office appears to have been constantly full ever since. No proper application was made for the emanation of the writ till after the lapse of more than fi f-teen years from the date of the judgment, and nearly twelve years after there was a clerk, who might have issued it. The appellee having failed for so many years to carry the order into effect, it seems to me that he was in no better situation, than if he had then for the first time applied for his supersedeas, which could not then have been granted. I think that, by analogy to the statute of limitations, the appellee ought not to have been allowed to sue out the writ; that the order was erroneous ; and that the judgment should be reversed, with the costs of both the circuit court and this court, and the supersedeas quashed as improvidently issued.
Carr and Cabell, J. concurred.
Brooke, J.
Though it was decided in Overstreet v. Marshall, that the proceedings on a supersedeas were to be dated from the issuing of the order allowing it, and if that was within the five years prescribed by the statute, the bond might be given, and the writ issued, after lapse of the five years, I think the delay to proceed on the order allowing the supersedeas, in this case, too great to be admitted. If, after the expiration of five years from the date of the final judgment, the law forbids the granting of the order for a supersedeas, I incline to think the obtaining the order for the supersedeas should not authorize a delay to proceed, longer than the period prescribed by the statute for the issuing of the order by the court or the judge. In this case, twelve years were permitted to elapse, after obtaining the order for the supersedeas, and the execution of the supersedeas bond, before application was made for the writ. The circumstance of there being no clerk of the court for a short portion of the time, cannot be admitted as an excuse *80 for such a delay; otherwise, after getting the order, and giving the bond, the delay to proceed might be extended to an unlimited period$ and the object of the statute, limiting the time of proceeding in such cases, would be dgfga^d. I concur in the opinion, that the judgment be reversed.
Tucker, P.
It has been decided by this court, that the order of the judge allowing a supersedeas, is to be taken as the commencement of the proceeding in reference to the operation of the statute of limitations. It is not less true, however, that the order for a supersedeas is not a supersedeas of itself: it is but the declaration of the judge, that it is fit under the circumstances that a supersedeas should issue; and may be recalled by him at any time before it is complied with, if upon consideration he deems it improper or improvident. Ex parte Leicester, 6 Ves. 429. Ex parte Layton, Id. 484. Such being the charafcter of the order, it must be admitted to have been by a liberal construction that it was considered as the commencement of the proceeding, so as to avoid the bar of the statute. In this view of it, however, it is reasonable that it should not be unlimited. The law forbids the emanation of a supersedeas after five years have elapsed from the date of the judgment. The order for the supersedeas should, therefore, either be construed to imply a compliance within the limited period, or it should impose a limitation. It' cannot be within the spirit of the statute, to permit the order to be held up for twelve or fifteen years, and then for the first time to be effectually prosecuted. I am inclined to think, that the fair construction of such an order would require the party to sue out the writ, and execute the bond, at a date anterior to the first term to which it could be made returnable. And if this be not done, then a new order should be obtained. If, indeed, as in this case, there was no clerk, then, as the party was not in default, *81 it would be competent to direct it to issue nunc pro tunc, provided tbe motion was addressed to the court in due season. But it would be a gross abuse to permit the party, at any length of time however remote, to have his supersedeas, after having so long held up the order of the judge. Admitting that order to have been the commencement of the proceeding, yet upon all the analogies of the law, it can only avoid the statute by being duly prosecuted. A process discontinued or abandoned lias not that effect. Again, the clerk, in this case, having refused to execute the order, considering it abandoned, the motion, I think, must be considered as addressed to the discretion of the court. If so, the motion, after such a lapse of time, should have been denied, for, surely, the party cannot be in a better situation from his neglect. Now, if he had sued out his supersedeas, he must have brought up the record within two terms or his supersedeas would have been dismissed. As the case actually stands, the record is not brought up for more than thirteen years; the cause is not even docketed, for it could not be docketed until there was a writ; and though a bond was given, yet it was obviously ineffectual and vain, since it bound the party to prosecute a writ which had no existence. By exhibiting the order of the judge, he prevailed, on the sheriff to restore the property; and having got it, he is then satisfied, and takes no farther steps in prosecuting his supersedeas. These facts certainly furnish no title to the exercise of the discretion of the court in his favour. I am of opinion, therefore, that the order ought not to have been made; and that the judgment should be reversed, and the supersedeas quashed, as improvidenfly issued.
Judgment reversed.